**UNITED STATES of America, Appellant,**

v.

**Yardena HEBRONI, Defendant–Appellee,**

1. The Honorable John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

---

**Speed Joyeros and Argento Vivo, Defendants.**

**Docket No. 01–1667.**

United States Court of Appeals, Second Circuit.

Feb. 8, 2002.

Eric Snyder, United States Department of Justice, Criminal Division; Laurel Loomis and Armando O. Bonilla, on the brief, for Alan M. Vinegrad, United States Attorney, Eastern District of New York, Brooklyn, NY, for appellant.

Vivian Shevitz; Larry Silverman, Law Office of Larry Silverman, on the brief, New York, NY, for appellee.

Present LEVAL, CALABRESI Circuit Judges, and STEIN, District Judge.*

## SUMMARY ORDER

IN CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the district court be and it hereby is VACATED and the matter REMANDED for reconsideration.

The government appeals from the order of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *J.*), granting the pre-trial release of defendant Yardena Hebroni. The crucial question with regard to a defendant's application for release is whether a

* The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

condition, or combination of conditions, will reasonably assure the defendant's appearance as required. *See* 18 U.S.C. § 3142(e) ("If, after a hearing . . ., the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required . . ., such judicial officer shall order the detention of the person before trial."); *see also* §§ 3142(f)(2), (g), and (b).

On a prior application for release heard by a different judge, the court ruled that no combination of conditions would reasonably assure Hebroni's presence at future court proceedings. When the motion was renewed, Judge Weinstein granted release without addressing whether there were conditions of release that would reasonably assure the defendant's appearance. Judge Weinstein supported his decision to release the defendant on the basis of other considerations: First, continued detention would make it difficult for the defendant and her counsel to prepare for trial; second, the length of detention, now fifteen months, was taking a significant toll on Hebroni and, based on the average sentence in money laundering cases, was likely to exceed the sentence duration. As noted above, under § 3142(e), those considerations do not justify release.

The government argues that Hebroni poses such a high risk of flight that no conditions of release will assure her appearance. It points to the following factors: Hebroni is charged with running a money laundering operation of such a scale that the United States Sentencing Guidelines will likely call for a sentence far exceeding the time she has already spent in detention; she lacks any ties to the United States; she has significant ties to other countries; it is questionable whether the United States could extradite her if she flees; and the money designated to secure her appearance is already subject to forfeiture. The government's arguments have substantial force, but we need not rule on them at this time. We remand to the district court to consider the determinative question specified by § 3142— whether any combination of conditions would reasonably assure Hebroni's appearance as required.

Accordingly, the order of the district court is VACATED and the matter REMANDED for reconsideration.